UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADRIAN ALGERIBIYA, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SUPERIOR ENERGY SERVICES, INC. and PUMPCO ENERGY SERVICES, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § §   No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Adrian Algeribiya (referred to as "Plaintiff" or "Algeribiya") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Superior Energy Services, Inc. and Pumpco Energy Servics, Inc. (collectively referred to as "Defendants" or "Superior Energy"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Algeribiya's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Algeribiya and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Algeribiya and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Algeribiya brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Algeribiya's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Plaintiff Adrian Algeribiya is an individual who resides in Collin County, Texas and who was employed by Defendants during the last three years.

9. Defendant Superior Energy Services, Inc. is a Delaware corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of Superior Energy Services, Inc. cannot with reasonable diligence be found at the company's registered office, Superior Energy Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Pumpco Energy Services, Inc. is a Delaware corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of Pumpco Energy Services, Inc. cannot with reasonable diligence be found at the company's registered office, Pumpco Energy Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODe § 17.026.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees

committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12. Superior Energy is an oilfield services company; it does business in the territorial jurisdiction of this Court.

13. According to its website, Pumpco Energy Services is a Superior Energy Services company; it does business in the territorial jurisdiction of this Court. *See*, http://pumpcoservices.com.

14. Defendants employed Algeribiya as an Equipment Operator from approximately December 2016 until July 2018. From approximately July 2018 to July 2019, Defendants employed Algeribiya in the Safety Action Team (or "SAT") position.

15. Throughout Algeribiya's employment with Defendants, he was paid on an hourly basis.

16. In approximately January 2019, Defendants implemented a new pay policy: "drive time" hours from location to location would not be considered in determining his entitlement to overtime and would only be paid at a straight time rate.

17. During Algeribiya's employment with Superior Energy, he regularly worked in excess of forty hour per week.

18. Superior Energy knew or reasonably should have known that Algeribiya worked in excess of forty hours per week.

19. Superior Energy did not pay Algeribiya the entirety of his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

20. Instead, Superior Energy paid Algeribiya straight time for overtime for a portion of his hours each workweek, i.e. drive/travel time.

21. In other words, Superior Energy paid Algeribiya for part of his overtime hours at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

22. Superior Energy knew or reasonably should have known that Algeribiya was not exempt from the overtime provisions of the FLSA.

23. Algeribiya's primary duties were nonexempt.

24. Algeribiya's primary duties did not include office or nonmanual work.

25. Algeribiya's primary duties were not directly related to the management or general business operations of Defendants or their customers.

26. Algeribiya's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

27. Algeribiya did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

28. Algeribiya did not have the discretion or authority to make any decisions with respect to matters of significance.

29. Instead, Algeribiya was required to follow the policies, practices and procedures set by Defendants.

30. Algeribiya did not have any independent authority to deviate from these policies, practices and procedures.

31. During Algeribiya's employment with Superior Energy, he was engaged in commerce or the production of goods for commerce.

32. During Algeribiya's employment with Superior Energy, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

33. During Algeribiya's employment with Superior Energy, the company had an annual gross volume of sales made or business done of at least $500,000.

34. Superior Energy failed to maintain accurate time and pay records for Algeribiya as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

35. Superior Energy knew or showed a reckless disregard for whether its pay practices violated the FLSA.

36. Superior Energy is liable to Algeribiya for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

37. All employees employed by Superior Energy that were subject to this pay policy are similarly situated to Algeribiya because they (1) were subject to the same uniform pay policy or practice; (2) were in traditionally non-exempt positions; (3) regularly worked in excess of forty hours per week; (4) are not paid the entirety of their overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

38. Algeribiya adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. During Algeribiya's employment with Superior Energy, he was a nonexempt employee.

40. As a nonexempt employee, Superior Energy was legally obligated to pay Algeribiya "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

41. Superior Energy did not pay Algeribiya the entirety of his overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

42. Instead, Superior Energy paid Algeribiya straight time for overtime for a portion of the hours he worked each workweek.

43. In other words, Superior Energy paid Algeribiya part of his overtime hours at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

44. If Superior Energy classified Algeribiya as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

45. Superior Energy knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Superior Energy willfully violated the overtime requirements of the FLSA.

### VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

46. Algeribiya adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

48. In addition to the pay violations of the FLSA described above, Superior Energy also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—
### Collective Action Allegations

49. Algeribiya adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. On information and belief, other employees have been victimized by Superior Energy's violations of the FLSA identified above.

51. These employees are similarly situated to Algeribiya because, during the relevant time period, they were subject to the same pay practice or policy, were in traditionally nonexempt positions, and were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

52. Superior Energy's policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

53. Since, on information and belief, Algeribiya's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

54. All employees of Superior Energy, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for all the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All hourly employees, regardless of position, that were paid at their straight time for overtime hours within the last three years.

55. Superior Energy is liable to Algeribiya and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

56. Because Superior Energy knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Algeribiya and the members of the putative class their unpaid overtime wages for at least the last three years.

57. Superior Energy is liable to Algeribiya and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

58. Superior Energy is liable to Algeribiya and the members of the putative classes for their reasonable attorneys' fees and costs.

59. Algeribiya has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

60. Algeribiya demands a trial by jury.

## IX.  Prayer

61. Algeribiya prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Algeribiya and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. postjudgment interest at the applicable rate;

   d. incentive awards for any class representative(s); and

   e. all such other and further relief to which Algeribiya and the putative class may show themselves to be justly entitled.

- 11 -

        Respectfully submitted,

        MOORE & ASSOCIATES

        By: _____
            Melissa Moore
            State Bar No. 24013189
            Federal Id. No. 25122
            Curt Hesse
            State Bar No. 24065414
            Federal Id. No. 968465
            Lyric Center
            440 Louisiana Street, Suite 675
            Houston, Texas 77002
            Telephone: (713) 222-6775
            Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF**
        **ADRIAN ALGERIBIYA**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739